USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,
                          Government,

-against-

HENRY PEREZ,
                          Defendant.
-----------------------------------------------------------X

**ORDER**

19 cr 880 (RMB)

After careful consideration of the record herein, including the proceedings held on December 17, 2019, December 18, 2019, and the written submissions and arguments of counsel, the Court modifies Defendant Perez's bail conditions as follows:

1- Defendant shall have no contact with known coconspirators except with the knowledge of and in the presence of defense counsel;

2- Defendant shall have only one electronic device, namely a cellphone;

3- Defendant shall post a $200,000 personal recognizance bond cosigned by two financially responsible persons. See Transcript of proceedings held on December 17, 2019 at 9:2-5 (AUSA Neff: "[T]he parties are in agreement as to the amount of the bond for Mr. Perez, a $200,000 personal recognizance bond cosigned . . . by two financially responsible persons." );

4- Defendant shall not connect to the internet except for legitimate employment purposes; and

5- Defendant shall be subject to strict pretrial supervision, including weekly in person reporting to the S.D.N.Y. pretrial services department.[1]

The Court finds, pursuant to 18 U.S.C. § 3142(c)(3), that it is appropriate to amend

---

[1] The Defendant consents to modifications numbered 1 and 2 above. See Defense Letter dated December 23, 2019.

-1-

Perez's bail conditions. "The judicial officer may at any time amend the order to impose additional or different conditions of release." See 18 U.S.C. § 3142(c)(3). The Court further finds that the above modifications are the least restrictive conditions that will ensure the safety of the community and the appearance of the Defendant. See United States v. Schlegel, 2008 WL 11338900, *2, No. 06 Cr 550, (E.D.N.Y. June 13, 2008) (JS). Among other factors, "charges in this case relate to [an alleged] multiyear conspiracy of which the defendant was the ringleader. The conspiracy . . . caused at least approximately 308 victims across the United States to lose cellphone service for a period of time. The scheme's total loss amount is currently approximately $1.49 million - approximately $532,000 in actual loss, and nearly $1 million in attempted loss." See Govt Letter dated Dec. 20, 2019 at 2. And, the Pretrial Services Report, dated December 18, 2019, states that, among his other prior convictions, Defendant has been convicted of "POSSESS/USE FALSE GOV'T ID DOC", on September 5, 2017, which allegedly involved, according to the Government, possession of "identification [documents] in the names of 11 different victims." See Transcript of proceedings held on December 17, 2019 at 15:25.

All other bail conditions set by Magistrate Judge Kevin N. Fox on December 17, 2019 and by this Court on December 18, 2019 remain in full force and effect.

Dated: New York, New York
January 7, 2020

*RMB*

RICHARD M. BERMAN, U.S.D.J.